813 F.2d 402
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
MID-SOUTH BROKERAGE CO., INC., Appellant,
v.
DAK FOODS, INC., Appellee.
 No. 86-3835.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 12, 1986.
Decided Feb. 12, 1987.
 
 Before CHAPMAN, Circuit Judge, HAYNSWORTH, Senior Circuit Judge, and MAXWELL, United States District Judge for the Northern District of West Virginia, sitting by designation.
 S. Dean Hamrick (Waggoner, Hamrick, Hasty, Nonteith, Kratt, Cobb & McDaniel on brief) for appellant.
 John R. Wester (Louis A. Bledsoe, III; Robinson, Bradshaw & Hinson, P.A. on brief) for appellee.
 PER CURIAM:
 
 
 1
 A jury in this civil action returned a verdict in favor of DAK Foods, Inc. on all issues submitted for their consideration. Dak Foods moved for entry of judgment on the verdict. Mid-South Brokerage Co., Inc. countered with a motion for judgment non obstante veredicto. The district court, finding that the jury's verdict was supported by the evidence, entered judgment on the verdict. We affirm.
 
 
 2
 This civil action was filed in a North Carolina state court by Mid-South, a company engaged in the food brokerage business, against DAK Foods, a company engaged in the business of selling, either directly or through brokers, the products which it manufactures and distributes. The action was removed by DAK Foods from state court to the United States District Court for the Western District of North Carolina.
 
 
 3
 On June 9, 1980 DAK Foods and Mid-South entered into an Agreement of Sales Representation whereby it was agreed, in pertinent part, that Mid-South, the broker, would serve as DAK'S sole and exclusive representative for negotiation of sales of DAK products, in accordance with the terms and conditions of the agreement, in the States of North Carolina and South Carolina. DAK Foods agreed to pay Mid-South an agreed commission as products were sold.
 
 
 4
 Paragraphs 16 and 17 of the agreement read as follows:
 
 
 5
 16. This Agreement shall continue in full force and effect from year to year; provided that either party may terminate this Agreement by giving 1 months (30 [sic] written notice of such intention to the other party.
 
 
 6
 17. Commission payments will continue for 1 month (30 days) after the notice of termination, such payments based on actual sales.
 
 
 7
 By letter dated September 21, 1984 DAK Foods advised Mid-South that the broker agreement was terminated, effective immediately, and that DAK Foods, as per the agreement, would continue to pay commission for thirty days from the date of its letter. There is no dispute that DAK Foods paid the required commissions subsequent to termination of the agreement.
 
 
 8
 Mid-South alleged in its Complaint that the acts of DAK Foods amounted to breach of contract, breach of contract accompanied by identifiable tortious acts, and unfair business practice in violation of North Carolina General Statutes Sec. 75-1 et seq.
 
 
 9
 At trial the district court presented the following questions to the jury:
 
 
 10
 1. Did defendant breach its contract with plaintiff by denying plaintiff the opportunity to continue to make sales during the period of thirty days following the notice of termination?
 
 ANSWER: ______
 
 11
 2. If so, what amount of damages is plaintiff entitled to recover?
 
 ANSWER: $______
 
 12
 3. Did the defendant breach its contract with plaintiff by making sales in plaintiff's sales territory during the thirty-day period following the termination notice?
 
 ANSWER: ______
 
 13
 4. If so, what amount of damages is plaintiff entitled to recover?
 
 ANSWER: $______
 
 14
 At the conclusion of its deliberations, the jury answered questions one and three in the negative, making answers to question two and four unnecessary.
 
 
 15
 Appellant argues that the trial judge improperly limited the issues to be considered by the jury. It is urged that this Court should direct that the case be remanded to the district court for a new trial, and that a jury be allowed to consider additional issues asserted by the plaintiff. We agree with the district court that the evidence, viewed as a whole, supports the verdict of the jury. We find no error of law regarding the district court's instructions to the jury in this matter. We find no merit in the arguments presented by Mid-South Brokerage Co., Inc.
 
 
 16
 Upon full consideration of the record before us, the written briefs, and the oral arguments of counsel, we are of the opinion that the disposition of this matter in the district court was entirely proper and should not be disturbed; therefore, the judgment of the district court is affirmed.
 
 
 17
 AFFIRMED.